UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

CYNTHIA LITTLE,

                              Plaintiff,

              -against-

CITY OF NEW YORK, and JOHN and JANE DOE 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                              Defendants.

**ANSWER**

07 CV 11116 (CM)(DFE)

JURY TRIAL DEMANDED

------------------------------------------------------------------------ x

        Defendant City of New York, by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

        1. Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed as stated therein.

        2. Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

        3. Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

        4. Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to lay venue as stated therein.

        5. Denies the allegations set forth in paragraph "5" of the complaint, except admits that plaintiff purports to proceed as stated therein.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Denies the allegations set forth in paragraph "7" of the complaint, except admits that the City of New York is a municipal corporation and respectfully refer the Court to the New York City Charter and the Administrative Code.

8. Denies the allegations set forth in paragraph "8" of the complaint, except admits that the City of New York maintains a police department.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10. Paragraph "10" of the complaint sets forth conclusions of law rather than averments of fact and thus no response is required.

11. Paragraph "11" of the complaint sets forth conclusions of law rather than averments of fact and thus no response is required.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Denies the allegations set forth in paragraph "13" of the complaint.

14. Denies the allegations set forth in paragraph "14" of the complaint, except admits that police officers stopped plaintiff on September 8, 2006.

15. Denies the allegations set forth in paragraph "15" of the complaint.

16. In response to the allegations set forth in paragraph "16" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

17. Denies the allegations set forth in paragraph "17" of the complaint.

18. Denies the allegations set forth in paragraph "18" of the complaint.

19. Denies the allegations set forth in paragraph "19" of the complaint.

20. Denies the allegations set forth in paragraph "20" of the complaint.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. In response to the allegations set forth in paragraph "22" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

23. Denies the allegations set forth in paragraph "23" of the complaint.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. In response to the allegations set forth in paragraph "25" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

26. Denies the allegations set forth in paragraph "26" of the complaint.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. Denies the allegations set forth in paragraph "28" of the complaint.

29. In response to the allegations set forth in paragraph "29" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. In response to the allegations set forth in paragraph "31" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. Denies the allegations set forth in paragraph "33" of the complaint.

34. In response to the allegations set forth in paragraph "34" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

35. Denies the allegations set forth in paragraph "35" of the complaint.

36. Denies the allegations set forth in paragraph "36" of the complaint.

37. In response to the allegations set forth in paragraph "37" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

38. Denies the allegations set forth in paragraph "38" of the complaint.

39. Denies the allegations set forth in paragraph "39" of the complaint.

40. Denies the allegations set forth in paragraph "40" of the complaint.

41. Denies the allegations set forth in paragraph "41" of the complaint.

42. Denies the allegations set forth in paragraph "42" of the complaint.

43. Denies the allegations set forth in paragraph "43" of the complaint.

44. Denies the allegations set forth in paragraph "44" of the complaint.

45. Denies the allegations set forth in paragraph "45" of the complaint, including all subparts.

46. Denies the allegations set forth in paragraph "46" of the complaint.

47. In response to the allegations set forth in paragraph "47" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

48. Denies the allegations set forth in paragraph "48" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Comptroller on or about November 20, 2006.

49. Denies the allegations set forth in paragraph "49" of the complaint, except admits that plaintiff's claim has not been adjusted.

50. Denies the allegations set forth in paragraph "50" of the complaint, except admits that a complain was filed on or about December 7, 2007.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the complaint.

52. Paragraph "52" of the complaint sets forth conclusions of law rather than averments of fact and thus no response is required. To the extent a response is required, defendant denies the allegations set forth in paragraph "52" of the complaint.

53. In response to the allegations set forth in paragraph "53" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

54. Denies the allegations set forth in paragraph "54" of the complaint.

55. Denies the allegations set forth in paragraph "55" of the complaint.

56. In response to the allegations set forth in paragraph "56" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

57. Denies the allegations set forth in paragraph "57" of the complaint.

58. Denies the allegations set forth in paragraph "58" of the complaint.

59. In response to the allegations set forth in paragraph "59" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

60. Denies the allegations set forth in paragraph "60" of the complaint.

61. Denies the allegations set forth in paragraph "61" of the complaint.

62. Denies the allegations set forth in paragraph "62" of the complaint.

63. Denies the allegations set forth in paragraph "63" of the complaint.

64. Denies the allegations set forth in paragraph "64" of the complaint.

65. In response to the allegations set forth in paragraph "65" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

66. Denies the allegations set forth in paragraph "66" of the complaint.

67. Denies the allegations set forth in paragraph "67" of the complaint.

68. In response to the allegations set forth in paragraph "68" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

69. Denies the allegations set forth in paragraph "69" of the complaint.

70. In response to the allegations set forth in paragraph "70" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

71. Denies the allegations set forth in paragraph "71" of the complaint.

72. In response to the allegations set forth in paragraph "72" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

73. Denies the allegations set forth in paragraph "73" of the complaint.

74. In response to the allegations set forth in paragraph "74" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

75. Denies the allegations set forth in paragraph "75" of the complaint.

76. Denies the allegations set forth in paragraph "76" of the complaint.

77. Denies the allegations set forth in paragraph "77" of the complaint.

78. Denies the allegations set forth in paragraph "78" of the complaint.

79. Denies the allegations set forth in paragraph "79" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

80. The complaint fails, in whole or in part, to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

81. Defendant City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof or any act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

82. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, and was not the proximate result of any act of defendant City.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

83. There was probable cause for the plaintiff's detention.

- 8 -

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

84. Plaintiff may have failed to comply with the conditions precedent to suit.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

85. Plaintiff cannot obtain punitive damages against the City of New York.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

86. At all times relevant to the acts alleged in the complaint, defendant City, its agents and officials, acted reasonably, properly, lawfully and in good faith in the exercise of their discretion. Consequently, defendant City of New York is entitled to governmental immunity.

**WHEREFORE,** defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            March 12, 2008

>           MICHAEL A. CARDOZO
>           Corporation Counsel of the
>             City of New York
>           *Attorney for Defendant City of New York*
>           100 Church Street, Room 3-193
>           New York, New York 10007
>           (212) 788-1816
>
>           By:      /s/
>                Gabriel P. Harvis (GH 2772)
>                Assistant Corporation Counsel

TO:    Brett Klein, Esq. (by ECF)
        Leventhal & Klein, LLP
        *Attorneys for Plaintiff*
        45 Main Street
        Suite 230
        Brooklyn, New York 11201

Index No. 07 CV 11116 (CM)(DFE)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| CYNTHIA LITTLE,<br><br>                                        Plaintiff,<br><br>                       -against-<br><br>CITY OF NEW YORK, and JOHN and JANE DOE 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),<br><br>                                        Defendants. |
| **ANSWER** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendant City of New York*<br>*100 Church Street Rm 3-193*<br>*New York, New York  10007*<br><br>*Of Counsel: Gabriel P. Harvis*<br>*Tel:  (212) 788-1816*<br>*NYCLIS No. 2007041849* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y.  ........................ , 2008 . . .*<br><br>*........................................................... Esq.*<br><br>*Attorney for ................................................* |